IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBBIE COFFEY                                      )
912 N. Sweetzer Ave. Apt. D                        )
West Hollywood, CA 90069                           )
                                                   )
            Plaintiff,                             )
                                                   ) Case Number:16-cv-00564
      v.                                           )
                                                   )
BUREAU OF LAND MANAGEMENT                           )
1849 C Street, N.W.                                )
Washington, DC  20240                              )
                                                   )
            Defendant.                             )
_____                  )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.  INTRODUCTION**

1.  Plaintiff Debbie Coffey ("Plaintiff") hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant Bureau of Land Management ('BLM") in failing to provide Plaintiff with all non-exempt records responsive to her FOIA request sent to the BLM, seeking agency records involving Defendant's Wild Horse and Burro Program, specifically records, including an Excel spreadsheet, showing the disposition of horses and burros between January 1, 1980 until December 31,1999.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Debbie Coffey, is an individual who, at all times relevant herein, has resided in West Hollywood, California, which is located in Los Angeles County, California.

5.  Defendant Bureau of Land Management is a federal agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of  "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13.  On or about July 26, 2015, Plaintiff sent a FOIA request to the BLM Land Management, via that agency's online FOIA request web site portal, seeking agency

records, including an Excel spreadsheet, showing the disposition of horses and burros between January 1, 1980 until December 31,1999.

14.   On or about July 27, 2015, Wendy Schumacher, FOIA Specialist for the BLM's Washington Office in Washington D.C., ("Ms. Schumacher"), sent an email to Plaintiff, assigning tracking number 2015-00829 to the request. Ms Schumacher stated "Since I monitor the Washington Office FOIA email, it is not necessary to send a copy of your request to my personal email box".

15.   On or about July 27, 2015 Plaintiff informed Ms. Schumacher that Plaintiff would send emails to the BLM_WO_FOIA@blm.gov email address.

16.   On or about August 6, 2015 Ms. Schumacher emailed Plaintiff and said the estimated cost would be $183.00.

17. On or about August 6, 2015 Ms. Schumacher asked Plaintiff "Do you agree to the new amount?".

18. On or about August 9, 2015, Plaintiff informed Ms. Schumacher "I agree to pay $183.00".

19. On or about August 11, 2015 Plaintiff wrote a letter to Defendant and enclosed her check (#5022) in the amount of $183.00.

20. On or about November 10, 2015 Plaintiff wrote an email to Ms. Schumacher, asking for an estimated date Defendant will complete action on her request and asked for a refund of her $183.00.

21. On or about December 31, 2015 Plaintiff emailed Ms. Schumacher and again asked for an estimated date of completion and an estimated date for her refund of $183.00.

## VII.  CLAIM FOR RELIEF

### Violation of FOIA

22.  Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 21 previously set forth herein.

23.  Defendant BLM has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her July 26, 2015 FOIA request and by failing to failing to perform an adequate search for records responsive to this FOIA request in a manner reasonably calculated to locate all responsive records.

24.  By failing to provide Plaintiff with all non-exempt responsive records to her FOIA request described in paragraph 23 herein, and failing to perform an adequate search for responsive records, Defendant BLM has denied Plaintiff's right to this information as provided by law under the FOIA.

25.  Unless enjoined by this Court, Defendant BLM will continue to violate Plaintiff's  legal rights to be provided with copies of the records which she has requested in her FOIA request described in paragraph 23 above.

26. Plaintiff is directly and adversely affected and aggrieved by Defendant's

1) failure to provide all responsive records to her FOIA request described above, and

2) failure to return $183.00 Plaintiff paid to the U.S. Treasury.

27. Plaintiff has been required to expend costs and to obtain the services of a law

firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

28. Plaintiff is entitled to reasonable costs of litigation, including attorney fees

pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff

providing the following relief:

1. Declare Defendant Bureau of Land Management has violated FOIA by failing to

provide Plaintiff with all non-exempt records responsive to her July 26, 2015 FOIA request,

and by failing to perform an adequate search for responsive records to this FOIA request.

2. Direct by injunction that Defendant BLM to provide Plaintiff with all non-exempt

responsive records to Plaintiff's July 26, 2015 FOIA request.

3. Grant a money judgment against Defendant and in favor of Plaintiff for
$183.00

4. Grant Plaintiffs costs of litigation, including reasonable attorney fees, as

/

/

provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

     5. Provide such other relief as the Court deems just and proper.


DATED: This 25th day of March, 2016.

Respectfully submitted,

_____

/S/ C. Peter Sorenson

C. Peter Sorenson (438089)
Sorenson Law Office
P.O. Box 10836
Eugene, Oregon 97440
(541) 606-9173
petesorenson@gmail.com
Attorney for Plaintiff
/

/

/

/

/

/

/

/

/

/

/

/

/

COMPLAINT            - 7 - END